UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                                    'O'

| Case No. | 5:25-cv-03034-CAS-PD | Date | November 21, 2025 |
|---|---|---|---|
| Title | Gagandeep Singh v. Mark Bowen et al | | |

Present: The Honorable **Christina A. Snyder**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present For Plaintiffs:          Attorneys Present For Defendants:

Not Present                                               Not Present

**Proceedings:** (IN CHAMBERS) – PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (Dkt. 10, Filed On November 12, 2025)

## I.     INTRODUCTION

On November 12, 2025, Gagandeep Singh ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Mark Bowen, Todd M. Lyons, Kristi Noem, and Pamela Bondi (collectively, "Respondents")[1]. Dkt. 1 ("Pet"). Petitioner seeks a writ ordering that he be released from immigration detention.

On the same day, Petitioner filed an *ex parte* application for a temporary restraining order ("TRO") that would require Respondents to release Petitioner from custody. Dkt. 3 ("App"). On November 13, 2025, the Court issued an order Petitioner may not be removed from the Central District of California, pending further order of the Court. Dkt. 11. On November 19, 2025, Respondents filed their opposition to the application for a TRO. Dkt. 13 ("Opp.").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

---

[1] Mark Bowen is the Acting Warden of the Adelanto ICE Processing Center; Todd Lyons is the Acting Director of ICE; and Kristi Noem is the Secretary of the DHS; Pamela Bondi is the Attorney General of the United States. See Pet. ¶¶ 11-14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-03034-CAS-PD | Date | November 21, 2025 |
| Title | Gagandeep Singh v. Mark Bowen et al | | |

## II. BACKGROUND

Petitioner alleges the following:

Petitioner was born in India and entered the United States on March 26, 2023. Pet. ¶ 1. Petitioner was briefly detained by the Department of Homeland Security ("DHS") based on a Form I-200 Warrant for Arrest of Alien. Id. On March 26, 2023, Petitioner was served with a Notice to Appear, which designated him as an "an alien present in the United States who has not been admitted or paroled" and charged him with removability pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act as an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Id. ¶ 2; see Pet. Ex. A.

Petitioner was released by DHS on an Order of Release on Recognizance on March 31, 2023. Pet. ¶ 1; see Pet. Ex. B. The conditions of release required Petitioner to be placed on Alternative to Detention ("ATD") monitoring and mandated that Petitioner check in with Immigration and Customs Enforcement every three months. Id.

Following his release from detention, Petitioner filed a Form I-589, Application for Asylum, which was received on June 10, 2023. Pet. ¶ 3; see Pet. Ex. D.

Petitioner obtained gainful employment and complied with all the conditions of his Release on Recognizance. Pet. ¶ 3. Petitioner has no criminal history. Id.; see also Pet. Ex. C.

On September 10, 2025, Petitioner reported to the San Bernardino ICE Enforcement and Removal Operations (ERO) office for his scheduled appointment. Id. There, Petitioner was taken into custody and served a new Notice to Appear because an immigration judge had issued a Failure to Prosecute on October 23, 2024. Pet. Ex. C.

Petitioner asserts three claims for relief. First, Petitioner alleges that DHS's custody determination that Petitioner is subject to detention under 8 U.S.C. § 1225(b) and is ineligible for bond and his continued detention under the automatic stay provision, violates Petitioner's right to substantive due process of law. Pet. ¶¶ 26-30. Second, Petitioner alleges that his immigration detention violates procedural due process. Pet. ¶¶ 31-34. Third, Petitioner alleges that application of 8 U.S.C. § 1225(b) to Petitioner is a violation of the Immigration and Nationality Act (INA) because he is instead subject to discretionary detention under 8 U.S.C. § 1226(a). As a remedy, Petitioner requests the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 5:25-cv-03034-CAS-PD | Date | November 21, 2025 |
|---|---|---|---|
| Title | Gagandeep Singh v. Mark Bowen et al | | |

Court to order his immediate release from detention, or alternatively, that an immigration judge hold a constitutionally adequate bond hearing. Pet. ¶ 30.

## III. LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief. Whether to grant them is within the discretion of the district court." Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal. Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (citation omitted).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

## IV. DISCUSSION

Petitioner has provided Respondents with notice of this *ex parte* filing, and Respondents have filed an opposition. The Court finds that Petitioner's *ex parte* request for relief is appropriate because Petitioner's allegation of unlawful detention constitutes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 5:25-cv-03034-CAS-PD | Date | November 21, 2025 |
|---|---|---|---|
| Title | Gagandeep Singh v. Mark Bowen et al | | |

irreparable injury. See Mission Power, 883 F. Supp. at 492 (discussing showing required for ex parte relief); Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention constitutes irreparable harm.").

**A.  Jurisdiction**

As a threshold matter, the Court must consider whether it has jurisdiction to review Petitioner's claims. Respondents argue that 8 U.S.C. § 1252(b)(9) and (g) deprive the Court of jurisdiction over Petitioner's claims. Opp. at 4-8. The Court addresses each subsection in turn.

Section 1252(b)(9) provides:

Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought to remove an alien from the United States* under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9) (emphasis added).

Respondents cite Jennings v. Rodriguez, 583 U.S. 281 (2018) for the proposition that Petitioner's claims are within the scope of section 1252(b)(9) because the government's decision to detain Petitioner arises from DHS's decision to commence removal proceedings. Opp. at 8-9.

The Court finds Jennings to require the opposite conclusion. The Supreme Court determined that the "arising from" language of section 1252(b)(9) should not be interpreted so expansively as to include any action that technically follows the commencement of removal proceedings, because that would bar judicial review of questions of law and fact that are unrelated to the removal proceeding until a final order of removal was issued. Jennings, 583 U.S. at 292-95. Petitioner, like the class in Jennings, "are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:25-cv-03034-CAS-PD | Date | November 21, 2025 |
|---|---|---|---|
| Title | Gagandeep Singh v. Mark Bowen et al | | |

Therefore, as in Jennings, "[u]nder these circumstances, § 1252(b)(9) does not present a jurisdictional bar." Id. at 294-95.

Section 1252(g) provides:

Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.*

8 U.S.C. § 1252(g) (emphasis added).

Respondents argue that section 1252(g) bars judicial review of Petitioner's bond denial claim because that claim stems from his detention, which arises from the decision to commence removal proceedings against him. Opp. at 5-6.

The Court finds that the same reasoning discussed above with respect to section 1252(b)(9) applies to section 1252(g). See Jennings, 583 U.S. at 294 ("We did not interpret [section 1252(g)] to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves.") (citing Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999)). Since Petitioner's due process and statutory claims do not challenge DHS's decision to commence removal proceedings against him, to adjudicate his case, or to execute a removal order, the Court finds that section 1252(g) does not present a jurisdictional bar to judicial review.

While Respondents characterize Petitioner's claims as a "creative framing" for what is actually a challenge to "the government's decision to detain [Petitioner] in the first place," the Court finds the distinction to be critical. Opp. at 9. Petitioner's requested relief highlights the fact that Petitioner's claims do not challenge DHS's decision to commence removal proceedings or to execute a removal order. Petitioner seeks release from custody, or alternatively a bond redetermination hearing pursuant to 8 U.S.C. § 1226(a). In either circumstance, the Court would not be enjoining Respondents from continuing removal proceedings. Accordingly, the Court concludes that it has jurisdiction, pursuant to 28 U.S.C. § 2241, to review Petitioner's claims that his federal custody is unlawful. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("The essence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:25-cv-03034-CAS-PD | Date | November 21, 2025 |
| Title | Gagandeep Singh v. Mark Bowen et al | | |

of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").

### B.   Merits of Injunctive Relief

Respondents note that the government takes the same legal position here as it has taken in opposition to *ex parte* TRO applications in several other proceedings brought in this District involving the same legal issue of whether Respondents must provide an individualized bond hearing to Petitioner under 8 U.S.C. 1226(a). Opp. at 1. Respondents note that in at least five of these cases, including one before this Court, TROs were granted.[2] The first decision held that the petitioners "raise[d] serious questions about the legality of their prolonged detention without a bond hearing." Lazaro Maldonado Bautista, et al. v. Ernesto Santacruz Jr, et al., 5:25-cv-01873-SSS-BFM, dkt. 14 at 7. The other four decisions found that the petitioners showed a likelihood of success on the merits. Supra note 2. The petitioners in *Bautista* filed a class action complaint on behalf of themselves and others similarly situated on July 28, 2025. 5:25-cv-01873-SSS-BFM, dkt. 15. Respondents note that one Court in this district issued an order finding that the petitioner's detention was governed by § 1225(b)(2),[3] and that at least four courts outside of this district have also ruled in favor of the government's interpretation.[4]

While decisions in those proceedings are not binding on this Court, they are entitled to respectful consideration. Therefore, the Court proceeds with its own evaluation of whether injunctive relief is warranted.

---

[2] Lazaro Maldonado Bautista, et al. v. Ernesto Santacruz Jr, et al., 5:25-cv-01873-SSS-BFM; Javier Ceja Gonzalez, et al. v. Kristi Noem, et al., 5:25-cv-02054-ODW-ADS; Jorge Arrazola-Gonzalez, et al. v. Kristi Noem, et al., 5:25-cv-01789-ODW-DFM; and Ruben Benitez et al. v. Kristi Noem, et al., 5:25-cv-02190-RGK-AS; Moises Salomon Zaragoza Mosqueda et al v. Kristi Noem et al., 5:25-cv-02304-CAS-BFM (C.D. Cal. Sept. 8, 2025).
[3] Altamirano Ramos v. Lyons et al., 2:25-cv-09785-SVW-AJR (C.D. Cal. Nov. 12, 2025) (denying application for bond hearing by TRO) [Dkt. no. 8].
[4] Barrios Sandoval v. Acuna, No. 6:25-cv-01467, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); Cirrus Rojas v. Olson, No. 25-cv-1437-bhl, 2025 WL 3033967 (E.D. Wis. Oct. 30, 2025); Vargas Lopez v. Trump, --- F.Supp.3d ----, 2025 WL 2780351 (D. Neb. Sept. 30, 3025); Chavez v. Noem, --- F.Supp.3d ----, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 5:25-cv-03034-CAS-PD | Date | November 21, 2025 |
|---|---|---|---|
| Title | Gagandeep Singh v. Mark Bowen et al | | |

The Court finds that the four <u>Winter</u> factors favor granting the relief requested by Petitioner.

1. Likelihood of Success on the Merits

Respondents do not address Petitioner's due process claims in their opposition brief, focusing solely on their argument that Petitioner is lawfully detained pursuant to § 1225(b)(2).  See generally Opp.  Therefore, the Court first addresses Petitioner's statutory claim.

  a. <u>Statutory Detention Authority</u>

Petitioner argues that his detention is governed by section 1226(a), and that he is unlawfully subjected to mandatory detention under section 1225(b)(2).  App. at 2, 5.  In opposition, Respondents argue that Petitioner is an "applicant for admission" under section 1225(a)(1), and that Petitioner is subject to mandatory detention under section 1225(b)(2) as a noncitizen "seeking admission".  Opp. at 3-4.

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
(1) may continue to detain the arrested alien; and
(2) may release the alien on—
(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General . . .

8 U.S.C. § 1226(a).

"Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." <u>Jennings</u>, 583 U.S. at 306 (citing 8 C.F.R. § 1236.1(d)(1)); see also <u>Rodriguez Diaz v. Garland</u>, 53 F.4th 1189, 1202 (9th Cir. 2022) ("Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including . . . an initial bond hearing before a neutral decisionmaker.").

Section 1225(b)(2) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that *an alien seeking*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 5:25-cv-03034-CAS-PD | Date | November 21, 2025 |
|---|---|---|---|
| Title | Gagandeep Singh v. Mark Bowen et al | | |

*admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal proceeding]." 8 U.S.C. § 1225(b)(2)(A) (emphasis added).

The Court agrees with Petitioner that the plain text of section 1226(a) applies to him. App. at 5. Respondents do not appear to argue otherwise. See generally Opp. Instead, Respondents contend that the mandatory detention provision of section 1225(b)(2) presents an "irreconcilable conflict" with the bond hearing provision of section 1226(a), and therefore, the specific detention authority of section 1225 governs over the more general authority of section 1226. Id. at 9 (citing Karczewski v. DCH Mission Valley LLC, 862 F.3d 1006, 1015 (9th Cir. 2017) ("When confronted with an irreconcilable conflict in two legal provisions, we may apply the interpretive principle that the specific governs over the general.").

The Court disagrees with Respondents' contention that Congress intended to create a conflict between juxtaposing sections of the same statute. See Shulman v. Kaplan, 58 F. 4th 404, 410-11 (9th Cir. 2023) ("[Courts] must interpret the statute as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous."). The Court finds that the conflict is avoided by interpreting sections 1225(b)(2) and 1226(a) to apply to different sets of noncitizens—those "seeking admission" compared to those already in the country who are arrested and detained. See, e.g., Jennings, 583 U.S. at 281, 297 (noting that section 1226 applies to "certain aliens *already in the country*," while section 1225(b) "applies primarily to aliens *seeking entry into the United States*") (emphasis added).

The Court agrees with Petitioner that "seeking admission" implies an affirmative act such as entering the United States, and that 8 U.S.C. § 1225(b)(2) does not apply to individuals who, like Petitioner, have been residing in the United States. App. at 5, 6 (citing Martinez v. Hyde, 792 F. Supp. 3d 211, 221 (D. Mass. 2025)). The Court also agrees with Petitioner that Respondents' position would render § 1226(a) and the recent enactment of the Laken Riley Act superfluous. App. at 8. The Laken Riley Act amends § 1226(c) so that noncitizens charged as inadmissible under INA § 212(a)(6)(A) (entry without inspection) or INA § 212(a)(7)(A) (lacking valid documentation to enter the United States) and who have been arrested, charged with, or convicted of certain crimes not previously covered by § 1226(c) are now also subject to § 1226(c)'s mandatory detention provisions. Pub. L. No. 119-1, 139 Stat. 3 (2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-03034-CAS-PD | Date | November 21, 2025 |
| Title | Gagandeep Singh v. Mark Bowen et al | | |

Respondents cite the Board of Immigration Appeals recent analysis and decision regarding this legal issue in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), in which the BIA determined that based in the plain language of 8 U.S.C. § 1225(b)(2)(A), immigration judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission. Opp. at 10. The Court acknowledges the BIA decision, as well as the minority of courts that have come to a similar conclusion.[5] The Court notes, however—and Respondents recognize—that agency interpretation carries little, if any, weight in resolving questions of statutory interpretation. Opp. at 13-14 (citing Loper Bright Enters. v. Raimondo, 603 U.S. 369 (2024)).

The Court joins the majority of other courts in this district and across the country that after interpreting the statutory framework, "have rejected DHS's expansion of § 1225(b)(2)(A)'s mandatory detention to noncitizens already residing here." Estrada Elias v. Knight, No. 1:25-CV-00594-BLW, 2025 WL 3228262, at *1 (D. Idaho Nov. 19, 2025) (collecting cases); see also Tut v. Noem, No. 5:25-cv-02701-DOC-AGR, 2025 LX 415266, at *9 n.1 (C.D. Cal. Oct. 16, 2025) (collecting cases in this district). Accordingly, the Court concludes that Petitioner is likely to succeed on the merits of his statutory claim because section 1226(a), not section 1225(b)(2), likely governs his detention.

### b. Procedural Due Process

Next, the Court turns to Petitioner's due process claims.[6] Respondents do not address these claims, relying on their argument that Petitioner was lawfully detained pursuant to § 1225(b)(2)'s statutory authority. Given that the Court finds that the statutory authority for Respondent's detention of Petitioner is found in § 1226(a) rather than § 1225(b)(2), the Court considers whether Respondent's initial detention and continued detention violates due process.

---

[5] See supra n. 3, n. 4.
[6] The Court addresses Petitioner's likelihood of success on the merits with respect to his due process claims because the appropriate remedy for his due process claim, immediate release, is different from the appropriate remedy to his statutory claim, which would be the provision of a bond redetermination hearing before an immigration judge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 5:25-cv-03034-CAS-PD | Date | November 21, 2025 |
|---|---|---|---|
| Title | Gagandeep Singh v. Mark Bowen et al | | |

The Court finds that Petitioner is likely to succeed on the merits of his procedural due process claim.[7] "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998). The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the deprivation "of life, liberty, or property, without due process of law." U.S. CONST. amend. V. The right to due process extends to noncitizens in the United States. See Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Wong Wing v. United States, 163 U.S. 228, 238 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guaranteed by [the Fifth Amendment], and that even aliens shall not ... be deprived of life, liberty, or property without due process of law."); Trump v. J. G. G., 604 U.S. 670 (2025) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (citation modified).

It is also well-established that freedom from government detention is a protected liberty interest. See Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects."). While the government may have "the

---

[7] The Court joins numerous other district courts reaching the conclusion that petitioners facing similar facts to the present case are likely to succeed on the merits or at least raise serious questions going to the merits of their procedural due process claims. See e.g. Pinchi v. Noem, 792 F. Supp. 3d 1025 (N.D. Cal. 2025); Guillermo M. R. v. Kaiser, 791 F. Supp. 3d 1021 (N.D. Cal. 2025); Doe v. Becerra, 787 F. Supp. 3d 1083 (E.D. Cal. 2025); Garcia v. Santacruz, No. 2:25-cv-10581-MWC-PD, 2025 LX 535592 (C.D. Cal. Nov. 10, 2025); Tut v. Noem, No. 5:25-cv-02701-DOC-AGR, 2025 LX 415266 (C.D. Cal. Oct. 16, 2025); Pop v. Noem, No. 5:25-cv-02589-SSS-SSC, 2025 LX 425456 (C.D. Cal. Oct. 3, 2025); Valencia Zapata v. Kaiser, No. 25-CV-07492-RFL, 2025 WL 2741654 (N.D. Cal. Sept. 26, 2025); Pablo Sequen v. Albarran, No. 25-CV-06487-PCP, 2025 WL 2935630 (N.D. Cal. Oct. 15, 2025); Singh v. Andrews, No. 1:25-CV-00801-KES-SKO (HC), 2025 WL 1918679 (E.D. Cal. July 11, 2025); Espinoza v. Kaiser, No. 1:25-CV-01101 JLT SKO, 2025 WL 2675785 (E.D. Cal. Sept. 18, 2025); Polo v. Chestnut, No. 1:25-CV-01342 JLT HBK, 2025 WL 2959346 (E.D. Cal. Oct. 17, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                                              'O'

| Case No. | 5:25-cv-03034-CAS-PD | Date | November 21, 2025 |
|---|---|---|---|
| Title | Gagandeep Singh v. Mark Bowen et al | | |

initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody, she has a protected liberty interest in remaining out of custody." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); see also Ortega v. Bonnar, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does Petitioner have a liberty interest in remaining out of custody on bond."). Here, Petitioner was not on bond, but the government does not contend the fact that Petitioner was initially detained upon his entrance to the United States and conditionally released by Order of Release on Recognizance on March 31, 2023. Pet. Ex. B; Pet. Ex. C. Petitioner thereby gained a protected liberty interest in remaining out of custody. In the more than two years since Petitioner was conditionally released from federal custody, he obtained gainful employment and resided in the United States. Pet. ¶ 18. That Petitioner is deprived of his right to work underscores Petitioner's "weighty" liberty interest in remaining out of custody. See Landon v. Plasencia, 459 U.S. 21, 34 (1982) (finding that noncitizens present in the United States have a "weighty" liberty interest in remaining in the United States, as they stand to lose rights to "stay and live and work" in the country and "to rejoin [their] immediate family).

Having determined that Petitioner has a protected liberty interest remaining out of custody, the Court applies the three-part test established in Mathews v. Eldridge, 424 U.S. 319 (1976) to determine if the government's procedures were constitutionally sufficient. The Mathews test balances three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335. The Court finds that each of the three Mathews factors supports Petitioner's right to a hearing before a neutral decisionmaker prior to re-detention.

First, as explained above, Petitioner has a substantial private interest in remaining out of custody after having initially been conditionally released by immigration enforcement officials. The Court also notes that Petitioner's due process claim does not challenge his removability under the immigration statutes. Petitioner's

Case 5:25-cv-03034-CAS-PD   Document 15   Filed 11/21/25   Page 12 of 15   Page ID #:94

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 5:25-cv-03034-CAS-PD | Date | November 21, 2025 |
|---|---|---|---|
| Title | Gagandeep Singh v. Mark Bowen et al | | |

defense to removal is his Application for Asylum and Withholding of Removal before an immigration judge. Pet. ¶ 18. Here, Petitioner is only challenging his detention while awaiting a removal decision.

Second, the Court finds that the risk of erroneous deprivation of liberty is high absent the procedural safeguard of a hearing before a neutral decisionmaker to determine whether Petitioner's detention bears a reasonable relation to the authorized statutory purposes of civil immigration detention: to ensure appearance at future immigration proceedings or to prevent danger to the community. Zadvydas, 533 U.S. at 693-94. Respondents do not argue that Petitioner is or has been previously determined to be a flight risk or a danger to the community. Furthermore, the Court finds that ICE's initial decision to release Petitioner on March 31, 2023, reflects a determination that Petitioner was neither a flight risk nor a danger to the community at that time. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) ("As ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [Petitioner's] release that ICE determined she was neither."). Petitioner alleges that he abided by the conditions of his release and reported to his scheduled appointment at the San Bernardino ERO office. Pet. ¶ 18. The Court finds no reason to determine that Petitioner, if not in custody, would fail to appear at future immigration proceedings.

Third, the Court finds that the government's interest in keeping Petitioner detained is low. As explained, the government has not shown that Petitioner's detention serves either to prevent flight or a danger to the community. See Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) ("As to the third factor, the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."). "Nor can the government suggest that the cost of providing such protections would be fiscally or administratively onerous." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1036 (N.D. Cal. 2025). "In immigration court, custody hearings are routine and impose a 'minimal' cost." Singh v. Andrews, No. 1:25-CV-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025). "The government's interest is further diminished where a person 'has consistently appeared for [his] immigration hearings ... and [ ] does not have a criminal record." Id. (citation omitted).

Accordingly, the Court concludes that Petitioner has shown a likelihood of success on the merits that his right to due process was violated by his detention without a hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:25-cv-03034-CAS-PD | Date | November 21, 2025 |
|---|---|---|---|
| Title | Gagandeep Singh v. Mark Bowen et al | | |

Procedural due process requires that Petitioner is afforded a hearing before a neutral decisionmaker prior to any re-arrest or re-detention to determine if the government has demonstrated by clear and convincing evidence that his detention is necessary to prevent danger to the community or flight. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1199 (9th Cir. 2022) ("clear and convincing evidence standard of proof" is based on "general principles of procedural due process, reasoning that a detained person's liberty interest is substantial")[8].

### c. Substantive Due Process

The Court finds that Petitioner's complaint also raises serious questions going to the merits of his substantive due process claim. "Substantive due process protects individuals from arbitrary deprivation of their liberty by government." Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006). As described above, Petitioner's freedom from custody after his initial detention is a protected and weighty liberty interest. Due process requires that "the nature and duration" of detention "bear some reasonable relation to the purpose for which the individual is" detained. Jackson v. Indiana, 406 U.S. 715, 738 (1972). Once again, the Court emphasizes that Petitioner's due process claim does not challenge the government's decision to place him in removal proceedings but rather challenges the government's decision to detain him. Given that civil immigration detention is justified only when an individual poses a flight risk or a danger to the community, and the government had previously released Petitioner on parole upon a finding that he was neither, the Court finds that Petitioner has demonstrated at least a serious question as to whether his detention violates his substantive due process rights by failing to serve any valid purpose.

---

[8] In Rodriguez Diaz, the Ninth Circuit concluded that a clear and convincing standard was not constitutionally required in 8 U.S.C. § 1226(a) bond hearings because the procedure provided by statute was constitutionally adequate, the Court finds that neither the statute nor the holding of Rodriguez Diaz directly address the standard of proof for a pre-detention hearing after an initial release from custody. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 5:25-cv-03034-CAS-PD | Date | November 21, 2025 |
|---|---|---|---|
| Title | Gagandeep Singh v. Mark Bowen et al | | |

### 2. Likelihood of Irreparable Harm

"It is well-established that the first factor is especially important when a plaintiff alleges a constitutional violation and injury. If a plaintiff in such a case shows he is likely to prevail on the merits, that showing usually demonstrates he is suffering irreparable harm no matter how brief the violation." Baird v. Bonta, 81 F.4th 1036, 1040 (9th Cir. 2023). The Court finds that Petitioner would be immediately and irreparably harmed by his continued deprivation of liberty without due process and his continued detention without access to a bond redetermination hearing. See Hernandez v. Sessions, 872 F.3d 976, 994-95 (9th Cir. 2017) (finding irreparable harm was likely to result from government's policy of not considering financial ability to pay immigration bonds); see also Rodriguez v. Robbins, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (finding irreparable harm was likely to result from government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention).

### 3. Balance of the Equities and Public Interest

The last two Winter factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009). Respondents argue that the government has a compelling interest in the enforcement of its immigration laws. Opp. at 8 (citing cases). The Court agrees. Nevertheless, the Court finds that the balance of equities and public interest factors tip in favor of Petitioner because Petitioner challenges a policy that is likely in violation of federal law and the Constitution. See Valle del Sol Inc. v. Whiting, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law.") (citations omitted); see also Rodriguez v. Robbins, 715 F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice"). Furthermore, if Respondents later prove that Petitioner's detention is necessary to prevent flight or danger to the community, then re-detention may be permitted by an immigration judge.

Considering the TROs and preliminary injunctions granted in similar cases challenging the denial of bond redetermination hearings[9] or the denial of due process[10] to

---

[9] See supra n.2.
[10] See supra n.7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:25-cv-03034-CAS-PD | Date | November 21, 2025 |
|---|---|---|---|
| Title | Gagandeep Singh v. Mark Bowen et al | | |

immigrants in detention, the Court is not persuaded that judicial intervention here would disrupt the status quo or inject uncertainty into the immigration enforcement process.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Petitioner's application for a TRO. It is hereby **ORDERED** that:

1. Respondents shall effectuate Petitioner's immediate release from custody;

2. Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case;

3. Petitioner shall not relocate outside of the Central District of California pending final resolution of this case; and

4. Respondents shall show cause in writing by no later than seven (7) days of this Order as to why the Court should not issue a preliminary injunction in this case. Petitioner may file a response no later than seven (7) days after Respondents' filing. The Court sets a hearing on whether a preliminary injunction should issue on Monday, December 8, 2025, at 10:00 a.m., via Zoom. Zoom Webinar Information can be found on the Court's Website, under Judge Snyder's Procedures and Schedules.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |