UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    JS-6

| Case No. | 5:25-cv-03034-CAS-PD | Date | December 18, 2025 |
|---|---|---|---|
| Title | Gagandeep Singh v. Mark Bowen et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:**  (IN CHAMBERS) – ORDER DISMISSING PETITION AS MOOT

On November 12, 2025, Gagandeep Singh ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Mark Bowen, Todd M. Lyons, Kristi Noem, and Pamela Bondi (collectively, "Respondents")[1]. Dkt. 1 ("Pet"). Petitioner seeks a writ ordering that he be released from immigration detention.

On the same day, Petitioner filed an *ex parte* application for a temporary restraining order ("TRO") that would require Respondents to release Petitioner from custody. Dkt. 3 ("App"). On November 13, 2025, the Court issued an order Petitioner may not be removed from the Central District of California, pending further order of the Court. Dkt. 11. On November 19, 2025, Respondents filed their opposition to the application for a TRO. Dkt. 13 ("Opp.").

On November 21, 2025, the Court granted Petitioner's application for a TRO and ordered Petitioner's immediate release from custody. Dkt. 15 at 15. The Court also ordered Respondents to show cause in writing as to why the Court should not issue a preliminary injunction. Id.

On December 1, 2025, Respondents filed a response to the order to show cause as to why the Court should not issue a preliminary injunction. Dkt. 16. Respondents stated that Petitioner was released from custody pursuant to the Court's order. Id. at 1.

---

[1] Mark Bowen is the Acting Warden of the Adelanto ICE Processing Center; Todd Lyons is the Acting Director of ICE; and Kristi Noem is the Secretary of the DHS; Pamela Bondi is the Attorney General of the United States. See Pet. ¶¶ 11-14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  JS-6

| Case No. | 5:25-cv-03034-CAS-PD | Date | December 18, 2025 |
|---|---|---|---|
| Title | Gagandeep Singh v. Mark Bowen et al | | |

Respondents argue that Petitioner's release moots the requested preliminary injunction and Petitioner's habeas petition more generally. Id.

"Article III of the Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." United States v. Yepez, 108 F.4th 1093, 1099 (9th Cir.), cert. denied, 145 S. Ct. 459 (2024) (citing Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Nw. Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988). "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987); see also NASD Disp. Resol., Inc. v. Jud. Council, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding the appeal to be moot when plaintiffs were already granted the relief that they sought). Further, courts have an obligation to consider mootness *sua sponte*, and should deny requested relief where it is superfluous. In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005).

On December 4, 2025, the Court denied Petitioner's request for a preliminary injunction as moot and ordered Petitioner to show cause in writing as to why his petition for writ of habeas corpus should not be dismissed as moot by December 15, 2025. Dkt. 17. Petitioner has not responded to the order to show cause. Accordingly, the Court **DISMISSES AS MOOT** Petitioner's petition for writ of habeas corpus. Dkt. 1.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |